UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

ANTHONY STEWART,
               Defendant.

Criminal No. 06-0023-MG (AK)

**DETENTION MEMORANDUM**

The Defendant, Anthony Stewart has been charged by criminal complaint with unlawful, knowing, and intentional possession with intent to distribute crack cocaine, a Schedule II narcotic drug, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A)(iii). The government requested a detention hearing, which was held on February 1, 2006. At the conclusion of the hearing, the Court found that the Defendant should be held without bond. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

**Findings of Fact**

At the detention hearing, Officer Steven Manley, an Investigator with the Metropolitan Police Department Narcotics Special Investigation Division testified for the government. Officer Manley

testified that on September 12, 2005, while working undercover, he purchased approximately 125 grams of crack cocaine from the Defendant, whom Officer Manley knew as "Pops." Officer Manley testified that he paid the Defendant $3,600 in the exchange on Sept. 12, 2005.

According to Officer Manley, he called the Defendant and arranged to meet him in the Safeway parking lot at Georgia Ave. and Piney Branch Road, NW. Officer Manley testified that the Defendant approached the passenger side of the vehicle and, after handing him a Bob Marley cd, then handed him a ziploc bag containing a tan rock substance. The tan rock substance later field-tested positive for cocaine base. Both the telephone call to the Defendant arranging the sale and the transaction in the Safeway parking lot were recorded. Officer Manley also testified that the Defendant sold him crack cocaine on at least one occasion prior to Sept. 12, 2005.

The Defendant has no criminal record. However, the Government proffered that the Defendant Anthony Stewart was previously involved in narcotics trafficking under the name of "Errol Cole." Errol Cole has a record involving at least two separate incidents, one conviction and one arrest, for possession with intent to distribute crack cocaine.

**Discussion**

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.* (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [Defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. *United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100, 113 (3d Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

Having heard the testimony at the November 22, 2005 hearing, the Court found that there is probable cause to believe that the Defendant committed an offense in violation of 21 U.S.C. § 841(a)(1). When, as here, there is probable cause to believe that a Defendant has committed a violation of the Controlled Substance Act for which a maximum penalty of 10 years or more is prescribed, a rebuttable presumption arises that the Defendant constitutes a danger to the community, and no pretrial release condition or combination of conditions may be imposed to assure his future presence in court or to reasonably assure the safety of the community.

Here, the government seeks detention solely on the basis of danger to the community. In determining whether there are conditions of release which will reasonably assure the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the Defendant; (3) the Defendant's history and characteristics, including the Defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the Defendant's release. *See* 18 U.S.C. § 3142(g).

The first factor, the nature and circumstances of the offense, favors detention. The Defendant is charged with possession with intent to distribute an eighth of a kilo of crack cocaine, a dangerous and destructive narcotic. The second factor, the weight of the evidence, also favors detention. An officer with the Metropolitan Police Department testified that the Defendant was the individual who sold him approximately 125 grams of crack cocaine in exchange for over $3500. Furthermore, the phone call arranging the sale and transaction in the parking lot were recorded.

The third factor, the history of the Defendant, also supports pretrial detention. If the Defendant and "Errol Cole" are indeed one and the same person, then the Defendant has a history

of narcotics trafficking.

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, also favors detention. The Defendant is charged with possession with intent to distribute significant quantities - an eighth of a kilo - of crack cocaine. Drug trafficking and gun violence tears the very fabric of our community and destroys the lives of D.C. residents every day. The danger to the community is clear.

## **Conclusion**

Based upon consideration of all the evidence and the factors set forth in § 3142(g), this Court concludes that the evidence clearly and convincingly establishes that the Defendant's pretrial release would constitute an unreasonable risk of danger to the community. The presumption in favor of detention established by the statute has not been overcome by the Defendant in this case. Therefore, the government's motion for pretrial detention is granted.


Dated: February _2nd_, 2006                             _____/s/_____
                                                        ALAN KAY
                                                        UNITED STATES MAGISTRATE JUDGE